IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| In:<br>Ann M. Crockett | : | Case No. 15-13859 |
|---|---|---|
| Debtor. | : | |
| | : | Judge Timothy A. Barnes |

**INTERIM AGREED ORDER AUTHORIZING**
**USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION**

This matter coming on to be heard on the motions of Ann M. Crockett, Debtor and Debtor-in-Possession (the "Debtor"), for the entry of an order authorizing the Debtor to use the cash collateral of Apex Mortgage Corporation, ("Apex Mortgage Corporation") and to provide adequate protection to Apex Mortgage Corporation, pursuant to 11 U.S.C. §§ 361, 363(c)(2), 363(e) and Fed. R. Bankr. P. 4001; and on the Motion of Apex Mortgage Corporation to prohibit Debtor's use of its cash collateral; due and proper notice of the Motions having been given to all parties entitled thereto; the Debtor and Apex Mortgage Corporation having agreed to the Debtor's use of Apex Mortgage Corporation's cash collateral on an interim basis and pending a final hearing on the Motion ("Final Hearing") pursuant to the budget attached hereto as Exhibit A (the "Budget") and the terms of this Order; a preliminary hearing having been held on the Motion pursuant to the provisions of Fed. R. Bankr. P. 4001(c)(2);

The Court finding that:

A. On April 18, 2015 (the "Petition Date"), the Debtor commenced this case by filing a voluntary petition for relief under Chapter 13 of title 11, Unites States Code (the "Bankruptcy Code"). On June 15, 2015 the case was converted to a Chapter 11 proceeding. The Debtor is continuing to operate her business and manage her property as a debtor in

{00217792}                                    1

possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

B. This Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

C. Subject to the provisions of paragraph 5 below, the Debtor acknowledges, agrees and stipulates that:

(i) The Debtor, as the sole beneficiary of First State Bank and Trust Company of Palos Hills Trust No. 1-217 dated June 8, 1996 ("Trust 1-217"), is the owner of commercial property located at 11359 S. Harlem Avenue, Worth, Illinois 60482 ("Commercial Property"). The Commercial Property is leased to a business owned by Debtor and known as That Girl Boutique.

(ii) Trust 1-217 and Debtor are obligated to Apex Mortgage Corporation by virtue of a Promissory Note dated April 11, 2008 in the original principal amount of $240,000. ("Promissory Note").

(iii) The Promissory Note is secured by a first Mortgage on the Commercial Property recorded in the Office of the Recorder of Deeds of Cook County, Illinois on April 21, 2008 as document No. 0811249081.

(iv) The Promissory Note is further secured by an Assignment of Rents from the Commercial Property recorded in the Office of the Recorder of Deeds of Cook County, Illinois on April 21, 2008 as document No. 0811249082.

(v) As of the Petition Date, (a) the Apex Mortgage Corporation Promissory Note, Mortgage and Assignment of Rents (collectively, the "Loan Documents") are valid and binding agreements and obligations of the Debtor and are enforceable against the Debtor in accordance with their terms; and

IT IS HEREBY ORDERED that:

{00217792}                                    2

1. The Motion is granted on an interim basis, subject to the terms and conditions set forth in this Order.

2. Subject to the terms and conditions of this Order, the Debtor is authorized to use Apex Mortgage Corporation's cash collateral in accordance with the Budget to pay up to 110% of the budgeted items for actual, ordinary, and necessary expenses for the maintenance of the Commercial Property, as well as any other expenses approved by this Court. The Budget may be modified with the prior written consent of Apex Mortgage Corporation.

3. In consideration for the use of its cash collateral (solely upon the terms and conditions of this Order), Apex Mortgage Corporation shall receive the following (collectively the "Adequate Protection"):

   (a) The Debtor shall pay $4,000 monthly to Apex Mortgage Corporation from the Cash Collateral;

   (b) To the extent there is a diminution in Apex Mortgage Corporation's interests in the Commercial Property, the Rents and any other property of the Debtor covered by the Mortgage (collectively, the "Apex Mortgage Corporation Collateral") after the Petition Date (whether the reason for such diminution is as a result of, arises from, or is attributable to, the imposition of the automatic stay, the use of cash collateral or depreciation, sale, loss, or otherwise), Apex Mortgage Corporation is hereby granted, retroactive to the Petition Date and without the necessity of any additional documentation or filings, valid, enforceable, non-avoidable, and fully perfected liens (the "Adequate Protection Liens") of the highest available priority

subject only to any valid and enforceable preexisting liens upon (i) any property that the Debtor acquires after the Petition Date, but excluding any avoidance actions under chapter 5 of the Bankruptcy Code, and (ii) any proceeds generated from such property;

(c) An allowed administrative claim (the "Administrative Claim") under section 507(b) of the Bankruptcy Code to the extent that the Adequate Protection Liens do not adequately protect the diminution in the value of Apex Mortgage Corporation's interests in the Apex Mortgage Corporation Collateral; and

(d) The right to petition this Court for any such additional protection it may reasonably require, including, without limitation, Apex Mortgage Corporation's right to request additional adequate protection of its interests in the cash collateral or relief from or modification of the automatic stay under section 362 of the Bankruptcy Code.

4. This Order shall be sufficient and conclusive evidence of the validity, enforceability and perfection of the Adequate Protection Liens, whether or not Apex Mortgage Corporation elects to file or record financing statements, any other documents, or to take such other steps as may otherwise be required to obtain, evidence or perfect such liens under applicable law; and Apex Mortgage Corporation may, in its sole discretion, but shall not be required to, file a certified copy of this Order in any filing or recording office in any jurisdiction in which the Debtor has real or personal property, and such filing or recording shall be accepted and shall constitute further evidence of perfection of its liens and security interests.

5. The entry of this Order is without prejudice to the Debtor's right to seek authority to

use additional cash collateral if the Debtor determines that the cash collateral use authorized by this Order is insufficient.

6. The Debtor is authorized to do and perform all acts, to make, execute and deliver all instruments and documents, and to pay any amounts as provided under this Order, which may be reasonably required or necessary for the Debtor's full and timely performance under this Order.

7. The Motion is hereby set for a Final Hearing before this Court at 10:30 a.m. on September 16, 2015 (such date or such later date to which the final hearing is adjourned or continued, the "Final Hearing Date"), at which time any party in interest may present any timely filed objections to the entry of a final order ("Final Order") in the form of, and containing relief substantially similar to, this Order.

8. The Debtor shall promptly serve a notice of the Final Hearing, together with a copy of this Order, by regular mail upon (i) the Office of the United States Trustee, (ii) the creditors holding the 20 largest unsecured claims against the Debtor, (iii) any known holders of prepetition liens against the Debtor's property, and (iv) any other party which has filed a request with this Court for notice in this case and served such request upon the Debtor's counsel. The notice of the Final Hearing shall state that objections to the entry of a Final Order on the Motion shall be in writing and shall be filed with the United States Bankruptcy Clerk for the Northern District of Illinois no later than September 2, 2015 which objections shall be served so that the same are received on or before 4:00 p.m. (Central time) of such date by (i) Amanda Wilson, Law Offices of Thomas M. Britt, PC, 7601 W. 191st Street, Suite 1W, Tinley Park, IL 60487, counsel to the Debtor, (ii) Raymond J. Ostler, Gomberg, Sharfman, Gold & Ostler PC, 208 S. LaSalle, Suite 1410, Chicago, IL 60604, counsel to Apex Mortgage Corporation, and (iii), the Office of the United States Trustee. Any objections by creditors or other parties in interest to any of the provisions of

Document      Page 6 of 8

this Order shall be deemed waived unless filed and served in accordance with this paragraph.

9. Apex Mortgage Corporation's consent and the Debtor's authority to use Apex Mortgage Corporation's cash collateral under this Order shall be effective immediately and shall extend through the Final Hearing Date unless subsequently extended by written agreement of the Debtor and Apex Mortgage Corporation. To the extent any provision of this Order conflicts with any provision of the Motion, the provisions of this Order shall control.

10. If any or all of the provisions of this Order are hereafter modified, vacated, amended, or stayed by subsequent order of this Court or any other court: (a) such modification, amendment, or stay shall not affect (i) the validity of any obligation of the Debtor to Apex Mortgage Corporation that is or was incurred prior to Apex Mortgage Corporation receiving written notice of the effective date of such modification, amendment, or stay (the "Effective Date"), or (ii) the validity, enforceability or priority of the Adequate Protection or other grants authorized or created by this Order; and (b) the Adequate Protection pursuant to this Order arising prior to the Effective Date shall be governed in all respects by the provisions of this Order in effect immediately prior to the Effective Date.

11. The provisions of this Order and any actions taken pursuant hereto shall survive the entry of any order (a) confirming any plan under chapter 11 of the Bankruptcy Code; (b) approving any sale under section 363 of the Bankruptcy Code, (c) converting the Case to a chapter 7 case, or (d) dismissing the Case; and, notwithstanding the entry of any such order, the terms and provisions of this Order shall continue in full force and effect, and the Adequate Protection granted pursuant to this Order shall continue in full force and effect, until all of the Indebtedness is indefeasibly paid in full in cash or otherwise satisfied under the

terms of the Loan Documents.

Dated: ~~July~~ August 12 2015

ENTERED:

_____
Judge Timothy A. Barnes       12 AUG 2015

AGREED TO BY:

_____          /s/ Raymond J. Ostler
Amanda Wilson                            Raymond J. Ostler
Attorney for Debtor                      Attorney for Apex Mortgage Corporation
Law Offices of Thomas M. Britt, PC       Gomberg, Sharfman, Gold & Ostler PC
7601 W. 191st Street, Suite 1W           208 S. LaSalle, Suite 1410
Tinley Park, IL 60487                    Chicago, IL 60604

{00217792}                       7

Ex A

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE THE MATTER OF: )
) Case No. 15-13859
ANN M. CROCKETT, ) Chapter 11
) Judge: Timothy A. Barnes
Debtor and Debtor-in-Possession. )

## CASH COLLATERAL BUDGET

Income:

| | |
|---|---|
| Income Business & Rental: | $9,350.00 |
| SS Income: | $1,333.00 |

Expenses:

| | |
|---|---|
| Apex Mortgage: | $4,000 |
| JP Morgan Chase: | $752.00 |
| Real Estate Taxes: | $277.00 |
| Home Insurance: | $50.00 |
| Association Dues: | $197.00 |
| Food: | $500.00 |
| Transportation: | $300.00 |
| Auto Insurance: | $100.00 |
| Car Payment: | $511.00 |
| Utilities: | $500.00 |
| Misc.: | $296.00 |
| U.S. Trustee Fee: | $650.00 |
| | $8,133.00 |